UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SCHYLER TOBY JENSEN-ATHEY, | Case No. 22-CV-2232 (PJS/LIB) |
| Plaintiff, | |
| v. | ORDER |
| U.S. POSTAL SERVICE, | |
| Defendant. | |

Schyler Toby Jensen-Athey, pro se.

Lucas B. Draisey, UNITED STATES ATTORNEY'S OFFICE, for defendant.

Plaintiff Schyler Toby Jensen-Athey sued the U.S. Postal Service ("USPS") after he was involved in a car accident with a mail carrier's vehicle. This matter is now before the Court on USPS's motion for summary judgment.

I.  BACKGROUND

The factual record of this case is sparse. The only evidence before the Court is a transcript of Jensen-Athey's deposition, the exhibits offered during the deposition, and a letter from the United State's Attorney's Office to Jensen-Athey regarding proper service. *See* ECF No. 18 and attachments. Based on that minimal record, the Court offers the following brief summary:

According to Jensen-Athey, on October 19, 2021, while he was attempting to park on a street near his home in Albany, Minnesota, a USPS vehicle collided with the

passenger-side door of his car.  *See* Jensen-Athey Dep. at 21:8–31:8; Ex. 1 to Jensen-Athey Dep.  The collision dented the door, scratched the mirror, and scratched the side fender.  *Id.* at 35:7–12.  The day after the accident, Jensen-Athey visited two auto-repair shops—Avon Auto Repair, LLC and Albany Chrysler Center—and obtained preliminary estimates of the cost to repair the damage.  *See* Exs. 2 and 3 to Jensen-Athey Dep.

Jensen-Athey filed an administrative claim with USPS on January 30, 2022, requesting compensation for the cost to repair his car.  Ex. 4 to Jensen-Athey Dep.  USPS found that its employee was not at fault in the collision and denied Jensen-Athey's claim.  Ex. 5 to Jensen-Athey Dep.  Jensen-Athey then filed this suit in Stearns County Conciliation Court on July 29, 2022.  Ex. 6 to Jensen-Athey Dep.  On September 13, 2022, USPS removed the suit to this Court.  ECF No. 1.  USPS now moves for summary judgment.  ECF No. 16.  Jensen-Athey has not responded to USPS's motion.

## II.  ANALYSIS

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "The movant 'bears the initial responsibility of informing the district court of the basis for its motion,' and must identify . . . 'the absence of a genuine issue of material fact.'"  *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th

Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  In response, the nonmovant "may not rest upon 'mere allegations or denials' in the pleadings, but must 'set forth specific facts showing there is a genuine issue for trial.'"  *Abbott v. Gale*, 896 F.2d 323, 325 (8th Cir. 1990) (quoting *Celotex*, 477 U.S. at 322–24).

As an initial matter, USPS argues that it is entitled to sovereign immunity and that the Court lacks jurisdiction over this case.  USPS is clearly incorrect.  The Federal Tort Claims Act ("FTCA") applies to tort suits brought against USPS, *see* 39 U.S.C. § 409(c), and the FTCA, in turn, waives the immunity of the United States for:

> claims against the United States, for money damages, . . . for injury or loss of property, . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

This is a run-of-the-mill negligence case, and Jensen-Athey's claim is one for money damages for loss of property, based on the allegedly negligent act of a USPS employee acting within the scope of his employment.  In other words, this is exactly the type of case to which the FTCA's waiver of sovereign immunity applies.  In fact, the Supreme Court has explicitly found that the FTCA waives the sovereign immunity of USPS for "liability for injuries resulting from auto accidents in which employees of the

Postal System were at fault." *Dolan v. U.S. Postal Service*, 546 U.S. 481, 487–88 (2006) (quoting *Kosak v. United States*, 465 U.S. 848, 855 (1984)). The Court therefore has jurisdiction over Jensen-Athey's claim.

Turning to the merits: USPS argues that Jensen-Athey's claim fails because he "cannot point to any admissible evidence of damages." Def. Memo. Supp. S.J. at 4. In negligence cases arising under Minnesota law (such as this case), "the plaintiff has the burden of proving damages caused by the defendant by a fair preponderance of the evidence." *Canada By & Through Landy v. McCarthy*, 567 N.W.2d 496, 507 (Minn. 1997); *see also Rowe v. Munye*, 702 N.W.2d 729, 735 (Minn. 2005). While a plaintiff is not required to establish the amount of damages with "mathematical precision," reasonable certainty is required. *Leoni v. Bemis Co., Inc.*, 255 N.W.2d 824, 826 (Minn. 1977). In other words, the jury must have "a reasonable basis upon which to approximate the amount" of damages. *Id.*; *accord Bergren v. Vermillion Lumber Co.*, 133 N.W. 1132, 1132 (Minn. 1911) (affirming directed verdict for defendant were "there was no basis upon which the jury could do more than guess at the amount of damages").

Here, USPS points out that the only evidence that Jensen-Athey has regarding the amount of the damages he suffered as a result of the collision are written estimates he obtained from two auto-body shops in the days following the collision. Jensen-Athey testified that he did not have personal knowledge of the cost needed to repair his

vehicle and that he did not intend to call any witnesses (including those who gave him the estimates on which he relied) who could testify as to the amount of damages he suffered.  *See* Jensen-Athey Dep. at 40:23–41:1, 51:23–52:14.

The Court agrees with USPS that the written estimates are inadmissible hearsay if offered to prove the cost of the repair, *see* Fed. R. Evid. 802, and Jensen-Athey has not argued that any of the hearsay exceptions apply.  *See Brunsting v. Lutsen Mountains Corp.*, 601 F.3d 813, 817–18 (8th Cir. 2010) (noting that a party cannot defeat summary judgment by relying on inadmissible hearsay and party alleging that hearsay exception applies bears burden of proving exception).  Therefore, if this matter proceeded to trial, a jury would have "no basis upon which [they] could do more than guess at the amount of [Jensen-Athey's] damages."  *Bergren*, 133 N.W. at 1132.  As a result, USPS is entitled to summary judgment.[1]

### ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Defendant's motion for summary judgment [ECF No. 16] is GRANTED.

---

[1]USPS also argues that the Court should dismiss Jensen-Athey's complaint under Federal Rule of Civil Procedure 4(m) because he failed to complete proper service.  The Court agrees that Jensen-Athey did not properly serve USPS, and that his failure provides an independent basis for dismissing this lawsuit.

2. Plaintiff's complaint [ECF No. 1-1] is DISMISSED WITH PREJUDICE AND ON THE MERITS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  August 15, 2023                                  s/Patrick J. Schiltz
                                                                      Patrick J. Schiltz, Chief Judge
                                                                      United States District Court